UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ISABEL SANTAMARIA,**

      **Plaintiff,**

v.                                          Case No: 6:18-cv-1618-Orl-41TBS

**CARRINGTON MORTGAGE
SERVICES, LLC, BANK OF AMERICA,
N.A., AKERMAN LLP, LIEBLER,
GONZALEZ & PORTUONDO, P.A.,
MARINOSCI LAW GROUP, P.C., P.A.,
WILLIAM P. GRAY, PAUL W.
ETTORI, SCOTT R. STENGEL,
SAHILY SERRADET, MICHAEL P.
GELETY, STATE OF FLORIDA,
EIGHTEENTH JUDICIAL CIRCUIT
COURT, LISA DAVIDSON and
CHARLES HOLCOMB,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 17), which is construed as a renewed motion to proceed *in forma pauperis*. United States Magistrate Judge Thomas B. Smith issued a Report and Recommendation ("R&R," Doc. 18), in which he recommends the Motion be denied and the Complaint be dismissed. (*Id.* at 11). This recommendation does not focus on the deficiencies in Plaintiff's Amended Complaint (Doc. 16), but instead on the fact that Plaintiff is currently involved in a Chapter 7 bankruptcy case, divesting Plaintiff of standing to pursue her asserted claims against Defendant at this time. (*Id.* at 9–10).

Plaintiff filed a Response to the R&R (Doc. 21). Plaintiff dedicates most of her Response to arguing that she has proven violations of the ADA, which should allow her case to go forward. These arguments do not adequately address Judge Smith's analysis. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). At the end of her Response, Plaintiff asserts that the Trustee in her bankruptcy case "will apparently notify the Plaintiff if he will make Plaintiff's ADA claims as part of the bankruptcy estate or ultimately allow Plaintiff to continue pursuit her claims in this Court." (*Id.* ¶ 25). The Trustee is required to abandon the asset—Plaintiff's lawsuit—for her to regain standing to pursue the claims. *Chen v. Siemens Energy Inc.*, 467 F. App'x 852, 853–54 (11th Cir. 2012). Plaintiff has made no showing that her claims have been abandoned by the Trustee, and therefore, Plaintiff does not have standing to bring this action.

Judge Smith did a full and thorough analysis of the effect of Plaintiff's bankruptcy proceeding on this case and found that Plaintiff has been divested of standing. After a *de novo* review of the record in this matter, the Court agrees entirely with the analysis in the R&R. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 18) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. Plaintiff's Renewed Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 17), construed as a renewed motion to proceed *in forma pauperis*, is **DENIED**.
3. The Amended Complaint (Doc. 16) is **DISMISSED.**
4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on May 15, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party