UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISABEL SANTAMARIA,

      Plaintiff,

v.                                     Case No:   6:18-cv-1618-Orl-41TBS

CARRINGTON MORTGAGE SERVICES,
LLC, BANK OF AMERICA, N.A.,
AKERMAN LLP, LIEBLER, GONZALEZ &
PORTUONDO, P.A., MARINOSCI LAW
GROUP, P.C., P.A., WILLIAM P. GRAY,
PAUL W. ETTORI, SCOTT R. STENGEL,
SAHILY SERRADET, MICHAEL P.
GELETY, STATE OF FLORIDA,
EIGHTEENTH JUDICIAL CIRCUIT
COURT, LISA DAVIDSON and
CHARLES HOLCOMB,

      Defendants.

_____

## REPORT AND RECOMMENDATION

      This case comes before the Court on Plaintiff's Motion to Vacate Order (Doc. 24)

Dismissing Case Due to Lack of Abandonment by Chapter 7 Trustee and Denying

Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 25). I respectfully

recommend that the motion be **granted**.

      Pro se Plaintiff Isabel Santamaria's 253 page complaint alleges that Defendants

violated the Americans with Disabilities Act (Doc. 16). She also seeks redress under 42

U.S.C. § 1983 (Id.). When Plaintiff filed this lawsuit, she requested leave to proceed *in*

*forma pauperis* (Doc. 2). I found multiple problems with Plaintiff's complaint and

recommended that it be dismissed without prejudice, with leave to amend (Doc. 9). The

Court adopted my report and recommendations and gave Plaintiff leave to file an

amended complaint, which she did (Docs. 15-16). Plaintiff also filed a new motion for leave to proceed *in forma pauperis* (Doc. 17).

In her amended complaint Plaintiff reported having filed a Chapter 13 bankruptcy case which was later converted to Chapter 7 (Doc. 18 at 9). Consequently, Plaintiff's claims in this case had become property of the bankruptcy estate leaving the Chapter 7 trustee as the only person with standing to assert them. Doscher v. Barnett, Case No. 6:16-cv-1515-Orl-18TBS, 2016 U.S. Dist. LEXIS 175967, at *2 (M.D. Fla. Nov. 4, 2016). "When a bankruptcy case is filed, virtually all of the debtor's assets vest in the bankruptcy estate. Such property includes causes of actions belonging to a debtor at the commencement of a case." In re Upshur, 317 B.R. 446, 452 (Bankr. N.D. Ga.2004) (citing 11 U.S.C. § 541(a)(1)); Chen v. Siemens Energy Inc., 467 F. App'x 852, 853-54 (11th Cir. 2012) ("The trustee, as the representative of the bankruptcy estate, becomes the only party with standing to bring a cause of action that belongs to the estate."). Under 11 U.S.C. § 554, once an asset becomes part of the bankruptcy estate, the debtor's rights in the asset are extinguished unless the asset is abandoned back to the debtor. Chen, 467 F. App'x at 853 (citing Parker, 365 F. 3d at 1272). Because the Chapter 7 trustee was not bringing the lawsuit, I recommended that the case be dismissed without prejudice (Doc. 18). The Court agreed and the case was dismissed without prejudice on May 15, 2019 (Doc. 24). Plaintiff did not seek reconsideration or appeal the Court's decision.

On June 3, 2019, Plaintiff filed the pending motion, asking the Court to vacate its dismissal order (Doc. 25). As grounds, she states that on May 28, 2019, the Chapter 7 trustee gave notice of his intent to abandon the claims asserted in this lawsuit (Doc. 25, ¶ 11). Chambers checked the bankruptcy file to see what, if anything had occurred in response to the Chapter 7 Trustee's notice and found that no objections were filed.

Chambers also found that Plaintiff and her husband received a discharge from the bankruptcy court on June 27, 2019 (Case No. 6:18-bk-7478-KSJ, Doc. 48).

Just as the bankruptcy trustee is vested with the power to sell property of the estate, he is also authorized to abandon property of the estate. 11 U.S.C.A. § 554; In re Bast, 366 B.R. 237, (S.D. Fla. May 2, 2007); Gaylor v. Ga. Dep't of Natural Resources, 2:11-cv-288-RWS, 2016 WL 705620, at *4 (N.D. Ga. Feb. 23, 2016). Once the trustee abandons a pending lawsuit, the debtor is free to pursue the cause of action. Steger v. Gen. Elec. Co., 318 F.3d 1066, 1080 (11th Cir. 2003); Failla v. Citibank, N.A., 542 B.R. 66, 611 n.5 (S.D. Fla. 2015) (citing In re CVA Gen. Contractors, Inc., 267 B.R. 773, 780 n.7 (Bankr. W.D. Tex. 2001) ("When a trustee abandons a cause of action, the cause of action is revested in the debtor as if it was never property of the estate[.]" Now I find that Plaintiff once again has standing to assert her claims.

Plaintiff fails to cite any Federal Rule of Civil Procedure or case law in support of her motion. To process this matter, I have construed the motion as one for reconsideration. The rules do not specifically provide for the filing of a motion for reconsideration, but it is generally understood that FED. R. CIV. P. 59(e) encompasses motions for reconsideration. 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1 (3d ed. 2017); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992)).

Reconsideration of a court's order is an extraordinary remedy and a power to be "used sparingly." United States ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). "Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not presented for determination." U.S. v. Halifax

Hosp. Medical Center, No. 6:09-cv-1002-Orl-31TBS, 2013 WL 6284765, at *1 (M.D. Fla. Dec. 4, 2013). Reconsideration is also warranted based upon: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007).

"A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Parties cannot use a motion for reconsideration to ask a district court to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

The party moving for reconsideration must present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." McGuire, 497 F. Supp. 2d at 1358 (internal quotations omitted). "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." Id. (internal quotations omitted). "A party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." Id. (internal quotations omitted). "To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied." Capitol Body Shop, Case No. 6:14-cv-6000-Orl-31TBS, Doc. 129 at 3 (citing St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd., 976 F. Supp. 198, 201-02 (S.D.N.Y. 1996)).

The bankruptcy trustee did not give notice that he was abandoning the claims asserted in this case until after the case was dismissed. Consequently, Plaintiff could not have presented this activity in the bankruptcy case to the Court before the dismissal order was entered. For this reason, and because the trustee abandoned the claims, I respectfully recommend the Court treat Plaintiff's motion as one for reconsideration and grant it.

There are still numerous problems with Plaintiff's amended complaint including that it is an impermissible shotgun pleading in which each count incorporates by reference the allegations of each preceding causes of action (Doc. 16, ¶¶ 173-280. Gambino v. City of St. Cloud, Case No. 6:18-cv-869-Orl-31TBS, 2018 WL 5621517, at *3 (M.D. Fla. Oct. 11, 2018) ("The most common type-by a long shot-is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint …") (quoting Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015)).

The amended complaint is still plagued by the same deficiencies I identified in my original report and recommendations (Doc. 9). Therefore, I **RESPECTFULLY RECOMMEND** the Court **GRANT** Plaintiff's motion to the extent it seeks to reopen the case and give Plaintiff 21 days leave to file a second amended complaint.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and

Recommendation. <u>See</u> 11th Cir. R. 3-1.

      **RECOMMENDED** in Orlando, Florida on July 10, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      *Pro se* Plaintiff