UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISABEL SANTAMARIA,

    Plaintiff,

v.                                                   Case No: 6:18-cv-1618-Orl-41GJK

CARRINGTON MORTGAGE SERVICES, LLC, BANK OF AMERICA, N.A., AKERMAN LLP, LIEBLER, GONZALEZ & PORTUONDO, P.A., MARINOSCI LAW GROUP, P.C., P.A., WILLIAM P. GRAY, SCOTT R. STENGEL, SAHILY SERRADET, STATE OF FLORIDA, EIGHTEENTH JUDICIAL CIRCUIT COURT and LISA DAVIDSON,

    Defendants.

## ORDER[1]

This case comes before the Court without a hearing on Defendant Eighteenth Judicial Circuit Court's Motion to Stay or Abate Pending Determination of its Motion to Dismiss the Second Amended Complaint (Doc. 75). Plaintiff opposes the motion which she views as an attempt to prevent her from producing evidence in support of further amending her complaint (Doc. 76 at 3). Specifically, Plaintiff refers to emails she believes are evidence that she was "mocked and falsely judged, without her knowledge, by" the Court Administrator and Clerk of Court for the Eighteenth Judicial Circuit of Florida (Id., at 5). Plaintiff also believes the emails show improper ex parte communications with that court (Id., at 6).

District courts have inherent power to control their dockets and manage their

---

[1] Judge Smith is temporarily handling this case while Judge Kelly is indisposed.

cases, including by staying discovery. Perez v. Miami-Dade Cty., 297 F.3d 1255, 1263 (11th Cir. 2002); The Andersons, Inc. v. Enviro Granulation, LLC, Case No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at *2 (M.D. Fla. Aug. 14, 2014). The Eleventh Circuit has "emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." Perez, 297 F.3d at 1263 (internal quotation marks omitted). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." Rivas v. The Bank of New York Melon, 676 F. App'x 926, 932 (11th Cir. 2017). The party seeking the stay has the burden of showing good cause and reasonableness. Holsapple v. Strong Indus., Case No. 2:12-cv-355-UA-SPC, 2012 U.S. Dist. LEXIS 128009, at *2 (M.D. Fla. Sept. 10, 2012); S.D. v. St. Johns Cnty. Sch. Dist., Case No. 3:09-cv-250-J-20TEM, 2009 U.S. Dist. LEXIS 97835, at * 4-5 (M.D. Fla. Oct. 1, 2009) (citing to Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)); McCabe v. Foley, 233 F.R.D. 683, 687 (M.D. Fla. 2006).

In deciding whether to grant a stay the district court,

> [M]ust balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. Aug. 15, 1988); see also Koock v. Sugar & Felsenthal, LLP, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) ("In deciding whether to stay discovery pending resolution of a motion to dismiss ... the court must take a 'preliminary peek' at the merits

of the dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'") (citing McCabe, 233 F.R.D. at 685).

This Court has reviewed Plaintiff's second amended complaint, Defendants' motions to dismiss and Plaintiff's responses to those motions. After due consideration of the parties' papers, this Court entered a report and recommendation that the motions to dismiss should be granted and that this case should be dismissed with prejudice (Doc. 79). In making this recommendation, the Court considered all the emails Plaintiff desires to present as evidence. The Court's report and recommendation constitutes a finding of "an immediate and clear possibility" that movant's motion to dismiss will be granted. And, while this Court has recommended that Plaintiff's motion to further amend her complaint should be denied, if the motion to amend is granted, this Order will not prevent Plaintiff from incorporating the emails into a further amended complaint.

Now, the Court finds that a stay is warranted and therefore, the motion is **GRANTED**. All discovery between Plaintiff and Defendant the Eighteenth Judicial Circuit Court of Florida is **STAYED** until further Court order.

**DONE** and **ORDERED** in Orlando, Florida on January 6, 2020.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties